JUDGE BERMAN

11 CIV 4166

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DOC # 1

| | |
|---|---|
| ROBERT G. LOPEZ, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| AEROPOSTALE INC., and ) | JURY TRIAL DEMANDED |
| AEROPOSTALE PROCUREMENT, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND RELATED CLAIMS**

Plaintiff, Robert G. Lopez, alleges his complaint against defendants, Aeropostale, Inc., and Aeropostale Procurement, Inc. as follows:

**NATURE OF THE ACTION**

1.      This action arises from Defendants' infringement of Plaintiff's "ownership" and "use" rights in the mark LOWER EAST SIDE™, in conjunction with clothing, namely t-shirts bearing the mark LOWER EAST SIDE™.  Despite Plaintiff being the registered owner of the trademark LOWER EAST SIDE™ and Defendants' being well aware of his ownership rights and sale of clothing items under such brand name, the Defendants' have willfully infringed Plaintiff's rights in the LOWER EAST SIDE™ mark by selling, offering for sale and advertising t-shirts under Plaintiff's trademark.  Plaintiff has already experienced numerous instances of "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendants' and Plaintiff resulting in the unjust enrichment of Defendants' by using Plaintiff's registered trademark.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

3. This Court has personal jurisdiction over the defendants' because defendants are either corporations registered with the NYS Department of State Division of Corporations (**See Exhibit A**) and/or because defendants' engage in continuous and significant business activities in, and directed to the State of New York within this judicial district, and because defendants' have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the defendants' transact business and/or maintain an office or business location in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5. Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6. Upon information and belief, Defendant Aeropostale, Inc. is a Delaware corporation with a place of business at 112 West 34th Street, 22nd Floor, New York, New York 10120.

7. Upon information and belief, Defendant Aeropostale Procurement, Inc. is a Delaware corporation with a place of business at 112 West 34th Street, 22nd Floor, New York, New York 10120.

## FACTS

8.      Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling t-shirts, sweaters, hooded sweatshirts and other clothing items under the LOWER EAST SIDE™ brand name.

9.      Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold t-shirts, sweaters, hooded sweatshirts and other related clothing items in interstate commerce under the marks LOWER EAST SIDE™ and LES NYC™.

10.     In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™ and LES NYC™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items including hooded sweatshirts which bear the LOWER EAST SIDE™ mark in various fonts and design styles which are prominently displayed on the front and/or back of the t-shirts and/or sweaters. **(See Exhibit B)**.

11.     Plaintiff sells, and promotes the sale of his LOWER EAST SIDE™ clothing via his website www.lesclothing.com, through order forms, and his t-shirts and sweaters are also available for sale in several retail locations in Lower Manhattan. **(See Exhibit C)**.

12.     Plaintiff advertises his LOWER EAST SIDE™ brand and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also regularly conducts photo shoots of customers who purchase his LOWER EAST SIDE™ clothing items to be included in magazine advertisements and marketing materials. **(See Exhibit D)**.

13. Plaintiff's LOWER EAST SIDE™ clothing items have been featured in several music videos and one of Plaintiff's LOWER EAST SIDE™ mural's has been exhibited in an art museum in England.

14. Plaintiff is the registered owner of New York State Trademark Registration No. R31067 for the mark LOWER EAST SIDE™. (**See Exhibit E**).

15. Plaintiff is informed and believes and thereon alleges that despite Defendants' being put on notice of Plaintiff's trademark ownership rights in the LOWER EAST SIDE™ mark and his strong objection to Defendants' marketing, selling and offering for sale any clothing items under his trademark, Defendants' have recently in June of 2011 introduced and began marketing, selling, offering for sale and distributing t-shirts under the mark LOWER EAST SIDE™ despite them being aware of Plaintiff's ownership rights and sale of t-shirts under such brand name.

16. On June 19 2011, Plaintiff was contacted by several long-standing customers of his LOWER EAST SIDE™ clothing products and was asked if he was associated or behind the LOWER EAST SIDE™ t-shirts that were being sold by Aeropostale at its various stores. Upon further investigating this matter, Plaintiff learned that the defendants' were in fact selling LOWER EAST SIDE™ t-shirts and marketing the same at its various retail locations. (**See Exhibit F**).

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

17. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 16 of this Complaint.

18. The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods

4

and services. Such use by defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if defendants are not ordered to cease all use of the LOWER EAST SIDE™ mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

19. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of this Complaint.

20. Plaintiff has the exclusive right to market, brand and provide clothing related goods using the LOWER EAST SIDE™ mark.

21. Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that defendants and Plaintiff's clothing goods and accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

22. Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

23. By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

24. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 of this Complaint.

25. Defendants conduct constitutes deception by which Defendants' goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

26. Defendants unauthorized use of Plaintiff's LOWER EAST SIDE mark is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

27. By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in the LOWER EAST SIDE™ mark and defendants have become unjustly enriched by such acts of infringement.

28. Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendants have reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

29. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30. Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's LOWER EAST SIDE™ mark.

31. Defendants actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that all defendants, their subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term LOWER EAST SIDE™, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term LOWER EAST SIDE™, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the LOWER EAST SIDE mark.

2. That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3. That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the LOWER EAST SIDE™ mark, and any colorable imitation thereof, in whole or part.

4. That Plaintiff be awarded punitive damages.

5. That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the LOWER EAST SIDE™ mark.

6. That Plaintiff be awarded the cost and disbursements of this action.

7. That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: June 20, 2011  
      New York, NY

Respectfully submitted,  
Robert G. Lopez – Pro Se

_____  
Robert G. Lopez  
Pro Se Plaintiff  
230 Clinton Street – Apt. #11C  
New York, New York 10002  
(917) 868-1698

**EXHIBIT A**

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through June 17, 2011.

Selected Entity Name: AEROPOSTALE, INC.
Selected Entity Status Information

**Current Entity Name:** AEROPOSTALE, INC.
**Initial DOS Filing Date:** SEPTEMBER 27, 1995
**County:** NEW YORK
**Jurisdiction:** DELAWARE
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

**Chairman or Chief Executive Officer**
JULIAN R. GEIGER
112 WEST 34TH ST.
22ND FL
NEW YORK, NEW YORK, 10120

**Principal Executive Office**
AEROPOSTALE, INC.
112 WEST 34TH ST.
22ND FL
NEW YORK, NEW YORK, 10120

**Registered Agent**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be