USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: OCT 1 4 2011

PRO SE OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT G. LOPEZ, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **Civil Action No. 11-CV-4166 (RMB)** |
| | ) |
| AEROPOSTALE INC., | ) |
| AEROPOSTALE PROCUREMENT, | ) |
| COMPANY INC., | ) |
| KATTEN MUCHIN ROSENMAN, | ) |
| LLP; AND KAREN ARTZ ASH | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Robert G. Lopez, hereby denies that Defendants Aeropostale, Inc., Aeropostale

Procurement Company, Inc., Katten Muchin Rosenman, LLP, and Karen Artz Ash are entitled to

the relief they have requested in their Motion to Dismiss pursuant to Rules 12(b)(6) and 9(b) of

the Federal Rules of Civil Procedure.  The grounds for this Answer are set forth in the

accompanying Memorandum of Law submitted in opposition to the Motion, and in the

Declaration of Robert G. Lopez and the exhibits thereto, all of which are incorporated by

reference herein.

Dated: October 14, 2011
    New York, NY

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT G. LOPEZ, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-CV-4166 (RMB) |
| | ) | |
| AEROPOSTALE INC., | ) | |
| AEROPOSTALE PROCUREMENT, | ) | |
| COMPANY INC., | ) | |
| KATTEN MUCHIN ROSENMAN, | ) | |
| LLP; AND KAREN ARTZ ASH | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 14th, 2011 a copy of the following:

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS
AND THE ACCOMPANYING MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION AND DECLARATION OF ROBERT G. LOPEZ**

was served upon Defendants via email and by U.S. mail postage prepaid to:

michael.sarney@kattenlaw.com

Michael F. Sarney, Esq.
Katten Muchin Rosenman, LLP
575 Madison Avenue
New York, New York 10022-2585

Robert G. Lopez - Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ, an individual,    )
    )
    Plaintiff,    )
    )
    v.    )    Civil Action No. 11-CV-4166 (RMB)
    )
AEROPOSTALE INC.,    )
AEROPOSTALE PROCUREMENT,    )
COMPANY INC.,    )
KATTEN MUCHIN ROSENMAN,    )
LLP; AND KAREN ARTZ ASH    )
    )
    Defendants.    )

MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULES 12(b)(6) AND
9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Robert G. Lopez – Pro Se
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

I.     PRELIMINARY STATEMENT ..............................................................1

II.    STATEMENT OF FACTS.......................................................................7

III.   ARGUMENT............................................................................................10

     A.   Plaintiff's Second Cause of Action for Trademark Infringement and/or Unfair Competition is Plausible..............................................................11

     B.   Plaintiff's Third Cause of Action for Common Law Trademark Infirngement and Unfair Competition is Plausible.............................15

     C.   Plaintiff's Fourth Cause of Action for Unjust Enrichment is Plausible.................15

     D.   Plaintiff's Fifth Cause of Action for Breach of Contract is Plausible..................15

     E.   Plaintiff's Sixth Cause of Action for Fraud is Plausible........................16

     F.   Plaintiff's Seventh Cause of Action States a Claim of Relief..............................17

IV.    CONCLUSION..........................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

ATSI Comms., Inc., v. Shaar Fund, Ltd.,
    493 F.3d 87 (2d Cir. 2007)..................................................................4

Bell Atlantic v. Twombly
    550 U.S. 544 (2007)......................................................................10

Bernheim v. Litt
    79 F.3d 318, 321 (2d Cir. 1996)...........................................................10

Conley v. Gibson
    355 U.S. 41, 45-47 (1957)...............................................................10

Cortec Indus., Inc. v. Sum Holding L.P.
    949 F.2d 42 (2d Cir. 1991)...............................................................4

Damn I'm Good, Inc. v. Sakowitz, Inc.
    514 F. Supp. 1357 (S.D.N.Y. 1981).....................................................14

Erickson v. Pardus
    127 S. Ct. 2197, 2199 (2007).............................................................10

Estee Lauder Inc. v. The Gap, Inc.
    108 F.3d 1503, 1508-09 (2d Cir. 1997).................................................11

Fed Express Corp. v. Fed Espresso, Inc.
    201 F.3d 168, 174 (2d Cir. 2000).......................................................11

Gottlieb Dev. LLC v. Paramount Pictures Corp.,
    590 F. Supp.2d 625 (SDNY 2008).....................................................14

Grupke v. Linda Lori Sportswear, Inc.
    921 F.Supp 987 (E.D.N.Y. 1996)......................................................14

In re Livent, Inc. Noteholders Sec. Litig.,
    151 F. Supp.2d 371 (S.D.N.Y. 2001)...................................................4

Indep. Order of Foresters V. Donaldson, Lufkin & Jenrette, Inc.
    157 F.3d 933 (2d Cir. 1998)............................................................16

Island Software and Computer Serv. Inc. v Microsoft Corp.,
    413 F.3d 257 (2d Cir. 2005).........................................................1,13

<u>Iqbal v. Hasty</u>
    490 F.3d 143, 157-58 (2d Cir. 2007)..................................................................10,11

<u>Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank,</u>
    392 F.3d 520, 525 (2d Cir. 2004).....................................................................16

<u>OBX-Stock, Inc. v. Bicast, Inc.</u>
    558 F.3d 334 (4th Cir. 2009)..........................................................................14

<u>Sunmark Inc. v. Ocean Spray Cranberries, Inc.</u>
    64 F.3d 1055, 1058 (7th Cir. 1995)................................................................12

<u>Yung v. Lee</u>
    432 F.3d 142 (2d Cir. 2005)...........................................................................4

**Federal Statutes**

15 U.S.C. § 1114...............................................................................................5

15 U.S.C. §1125(a).............................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................5,10,13,14,17

Plaintiff, Robert G. Lopez, a Pro Se individual submits this Memorandum of Law in Opposition of Defendants Aeropostale, Inc., Aeropostale Procurement Company, Inc. (together, "Aeropostale"), Katten Muchin Rosenman LLP ("Katten") and Karen Artz Ash ("Ash") Motion to Dismiss Plaintiff's First Amended Complaint (the 'FAC").

## I.   PRELMINARY STATEMENT

Defendant Aeropostale is a billion dollar retail clothing giant that has willfully infringed the trademark rights and engaged in acts of unfair competition not once, but twice against Plaintiff who is a small independent clothing retailer.  For many years, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™ which has sold various clothing items under the LOWER EAST SIDE™ and LES NYC™ brand names (FAC ¶¶ 14-15).  Plaintiff has spent significant time and effort in building the LOWER EAST SIDE™ and LES NYC™ marks into nationally recognized brands and has taken the appropriate steps to seek and secure trademark registrations and other intellectual property protections for his various designs and artworks incorporating the LOWER EAST SIDE™ and/or LES NYC™ marks (FAC ¶¶¶¶ 16-19 and FAC Ex. B, C, D and E).  Plaintiff also references United States Trademark Registration No. 2,416,437 for the mark LOWER EAST SIDE® for "footwear" that is registered with the United States Patent and Trademark Office ("PTO") that Plaintiff has a Co-Existence Agreement with the owner of such registration. [1]

---

[1] Plaintiff has informed Defendants on several occasions that he has a Co-Existence Agreement with the owner of the incontestable federally registered trademark for the mark LOWER EAST SIDE®.

The Court may take judicial notice of Payless Shoesource Worldwide, Inc.'s incontestable U.S. Trademark Registration No. 2,416,437 registered with the PTO for the mark LOWER EAST SIDE for "footwear", that Plaintiff has a Co-Existence Agreement with.  See Island Software and Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir.2005) ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office").  (A copy of the Payless LOWER EAST SIDE trademark registration is attached to the Declaration of Robert G. Lopez, dated October 13, 2011 ("Lopez Dec."), as Exhibit A.)

1

Defendants seek dismissal of Plaintiff's First Amended Complaint for failure to state of cause of action upon which relief can be granted. The main basis for Defendants' motion to dismiss is its assertion that the current action is barred by an earlier Settlement Agreement and Release that Plaintiff and Defendant Aeropostale entered into over its use of Plaintiff's LOWER EAST SIDE trademark that Plaintiff had commenced an action against Aeropostale on March 24, 2011. Contrary to Defendants assertion in its motion to dismiss that "Aeropostale settled the first lawsuit for "nuisance" value and entered into a settlement agreement...", Plaintiff notes that Recital E. of the Settlement Agreement and Release that defendants drafted specifically states, **"In order to avoid the expense and uncertainty of further litigation and the assertion of any further claims, counterclaims or defenses by either party against the other with respect to the LES Mark, the Aeropostale Products, the Action and the Complaint, the parties now desire to resolve their dispute amicably on the terms set forth herein, which terms are: (i) the specified payment by Aeropostale to Lopez, (ii) withdrawal of the Complaint, and (iii) dismissal of the Action with prejudice, without any admission of liability, wrongdoing or any concession by any party as to the correctness of the position of the other."** [emphasis added]. Recital F. of the Settlement Agreement and Release also states **"The parties acknowledge that the above recitals are the basis for this Agreement."** [emphasis added]. Plaintiff further notes that the Settlement Agreement and Release did **not** provide a universal release to Aeropostale, but instead "limited" the release to any **"cause or thing relating to the LES Mark, including as alleged in the Complaint, and including all disposition or sale of previously manufactured Aeropostale Products."** [emphasis added]. More specifically, the release only extended to previously manufactured Aeropostale Products relating to the "LES Mark." The LES Mark as identified in Recital B. of the Settlement Agreement and Release

specifically referred to New York State Trademark Registration No. R31607 for the stylized mark LOWER EAST SIDE with an underline and an overline (the "LES Mark"). Accordingly, the Settlement Agreement and Release did **not** cover Plaintiff's separately registered LES NYC™ trademark. (A copy of the Settlement Agreement and Release is attached as Ex. L to the FAC).

Approximately two months after settling the first lawsuit with Aeropostale, Plaintiff was contacted by a customer of his LOWER EAST SIDE™ and LES NYC™ clothing products and was asked if Plaintiff was responsible for manufacturing the LOWER EAST SIDE NY t-shirt that was available at one of Aeropostale's retail locations (FAC ¶ 43). After learning of the newly manufactured t-shirt bearing Plaintiff's trademarks, Plaintiff commenced the current action on June 20, 2011. The newly manufactured t-shirt bearing Plaintiff's trademarks violates the Settlement Agreement and Release and also violates Plaintiff's LES NYC™ trademark that is **not** covered by the May 5, 2011 Settlement Agreement and Release (FAC ¶¶ 46 and 50).

After Plaintiff informed Defendant Ash that he had commenced the current action against Aeropostale, Ash alleged that the t-shirt that was the subject of the instant action was a previously manufactured Aeropostale Product produced before the May 5, 2011 execution of the Settlement Agreement and Release. Despite Ash's and Aeropostale's earlier representations during our settlement negotiations and discussions regarding the first lawsuit of only 434 units of a popover hoodie bearing Plaintiff's LOWER EAST SIDE mark being produced as part of a test series (FAC ¶¶ 27, 32-33 and Ex. G thereto), neither Ash nor Aeropostale provided Plaintiff with any satisfactory evidence to support their latest representation that the new t-shirt bearing the LOWER EAST SIDE™ mark was manufactured prior to the May 5, 2011 Settlement Agreement and Release  (FAC ¶ 48). In fact, Defendants have still **not** produced any satisfactory

evidence to support such allegation and Plaintiff notes that Exhibit E. of the Declaration of Alan

R. Friedman in Support of Defendants' Motion to Dismiss ("Friedman Dec.") is a snapshot

produced by Aeropostale only after they became aware of the current action and was provided

with a copy of the sales receipt and SKU product number that was reflected in the sales receipt of

Plaintiff's Exhibit F to his original complaint in the current action (the "Original Complaint").

Neither Defendant Ash nor Alan R. Friedman can verify or attest to the authenticity of such

snapshot which was a computer generated entry that could have easily been modified by any

Aeropostale employee or officer to match the sales receipt reflected in Exhibit F of Plaintiff's

Original Complaint in the current action.[2]  Moreover, it is Plaintiff's position that even if the t-

shirt in question was produced or manufactured prior to the May 5, 2011 execution date of the

Settlement Agreement and Release which Plaintiff will never truly know until after discovery is

complete, such manufactured product would be contradictory to the verbal and written

representations of fact that Defendants had made to Plaintiff of only 434 units of a popover

hoodie bearing the LOWER EAST SIDE™ mark were produced and no longer available for sale

to convince Plaintiff to act in reliance on said representation to enter the Settlement Agreement

and Release despite Plaintiff's clear attempt to limit the Release to just the 434 units of the

popover hoodie the Defendants had made repeated representations on.  Defendant Ash even went

as far as to represent to Plaintiff that his proposed changes to the effect of Plaintiff limiting the

release to the 434 units of the popover hoodie were incorporated in the final Settlement

Agreement and Release prepared and drafted by Ash that Plaintiff ultimately signed and agreed

to which has partially formed the basis for Plaintiff's fraud claim in his First Amended Complaint

---

[2] The documents attached as Exhibit E to the Friedman Dec. may be considered on this motion because
the FAC references and relies on the communications (see FAC ¶¶ 47-48). See Yung 432 F.3d at 146-47;
ATSI Comms, 493 F.3d at 98; Cortec Indus., Inc. v. Sun Holding L.P., 949 F.2d at 44; In re Livent, Inc.
Noteholders Sec. Litig., 151 F. Supp.2d at 404.

(FAC ¶¶¶¶ 27, 32-33, and 35-39).  In any case, Plaintiff's LES NYC™ trademark was **not** the subject of the first lawsuit and was **not** covered by the May 5, 2011 Settlement Agreement and Release.

Plaintiff believes that at least five of the seven causes of action in the FAC should survive Defendants motion to Dismiss under 12(b)(6).

(i)    The first cause of action is for trademark infringement under 15 U.S.C. §1114. Plaintiff notes that while he currently has a federal trademark application pending with the United States Patent and Trademark Office for his LES NYC™ mark, Plaintiff only possesses a New York State Trademark Registration for both the LOWER EAST SIDE™ and LES NYC™ marks.  Thus, Plaintiff concedes that his First Cause of Action for trademark infringement under 15 U.S.C. §1114 should indeed be dismissed.

(ii)    The second cause of action for unfair competition under 15 U.S.C. § 1125(a) is both valid and plausible and should **not** be dismissed.  First, the newly manufactured t-shirt bearing Plaintiff's LOWER EAST SIDE™ mark violates the May 5, 2011 Settlement Agreement and Release that only extended to previously manufactured products bearing the "LES Mark" (FAC ¶46).  Second, the new t-shirt being sold by Defendant Aeropostale violates plaintiff's rights in his separately registered  LES NYC™ trademark that was **not** the subject of the first lawsuit or covered by the Settlement Agreement and Release (FAC ¶ 50).  Third, Plaintiff has already experienced several instances of "actual confusion" in relation to the origin of the goods of that between Plaintiff and Defendant Aeropostale and the public has already been confused into believing that there is an affiliation between Defendant Aeropostale and Plaintiff and that the goods come from one and the same source (FAC ¶¶¶ 5, 43 and 55).  Fourth, Plaintiff's LOWER EAST SIDE™ and LES NYC™ marks are protectable marks under the Lanham Act

and are used as a brand name (FAC ¶¶ 14,15).  Fifth, Defendant Aeropostale's use and sale of t-shirts with the mark LOWER EAST SIDE NY is similar or an equivalent of Plaintiff's LOWER EAST SIDE™ and LES NYC™ trademarks.  Since there has already been instances of "actual confusion," it is plausible to believe that additional instances of consumer confusion will result by Defendant Aeropsotale's continued use of Plaintiff's LOWER EAST SIDE™ and LES NYC™ trademarks.

(iii)    Plaintiff's third cause of action for common law trademark infringement and unfair competition are sustainable for the same reasons as that of Plaintiff's second cause of action.

(iv)    Plaintiff's fourth cause of action for unjust enrichment is also sustainable for the same reasons as that of Plaintiff's second and third causes of action.

(v)    Plaintiff's fifth cause of action is plausible based upon the May 5, 2011 Settlement Agreement and Release being limited to previously manufactured Aeropostale Products bearing the LES Mark and the injury which Plaintiff has suffered in regard to Aeropostale's manufacture and sale of a new t-shirt bearing Plaintiff's LOWER EAST SIDE™ trademark and the additional instances of actual confusion Plaintiff has experienced as a result of Aerospotale's breach of the agreement as well as the injury to Plaintiff in being forced to commence a second lawsuit to enforce his rights in his LOWER EAST SIDE™ trademark.

(vi)    Plaintiff's sixth cause of action for fraud is also plausible.  However, the additional facts and/or evidence necessary to prove the fraud are in the possession of the defendants and will not be available to Plaintiff until after discovery in this case is complete. Plaintiff believes that he has articulated the facts of the fraud with particularity to the best of his ability and all the Defendants to this action did indeed make material misrepresentations of fact

in regard to products that were manufactured by Aeropostale bearing Plaintiff's LOWER EAST

SIDE trademark and made additional misrepresentations by causing Plaintiff to believe that his

true understanding and intentions of settlement were incorporated in the final Settlement

Agreement and Release in an effort to convince Plaintiff to rely on such representations and

enter into a fraudulent Settlement Agreement and Release (FAC ¶¶¶ 27, 32-33, and 37-39).

Plaintiff notes that the Defendants drafted the Settlement Agreement and Release and Plaintiff

was up against five (5) licensed attorneys during the settlement negotiations and discussions who

jointly and intentionally deceived and committed fraud against Plaintiff who was proceeding in

the matter as a pro se Plaintiff (FAC ¶ 40).

     (vii)    Plaintiff's seventh cause of action for conversion may be questionable.

Defendants argue that Plaintiff did not allege that he was deprived of possession of, or the ability

to use his trademarks.  However, Plaintiff did allege that Defendants are still presently using

Plaintiff's trademarks and have refused to stop using Plaintiff's trademarks and is continuing to

profit off of the use of Plaintiff's trademarks (FAC ¶¶ 81-82).  Accordingly, Plaintiff has been

deprived of the exclusive possession and use of his trademarks and has been deprived of the right

of being the exclusive person to profit off of the use of such trademarks.  Plaintiff believes that

this amounts to conversion.

## II.    <u>STATEMENT OF FACTS</u>

     Plaintiff Robert G. Lopez is a small independent clothing retailer that maintains a

residence in Lower Manhattan New York City.  Plaintiff has acquired trademark and other

intellectual property rights in designs and affiliated artwork he has sold on various clothing items

under the LOWER EAST SIDE™, LES NYC™, and LES™ trademarks and/or artwork designs

(FAC ¶¶¶ 16-19 and FAC Ex. B, C, D and E).  As a result of Plaintiff's long-standing and

continuous use of the aforementioned trademarks in interstate commerce for approximately over ten years, Plaintiff has acquired secondary meaning in the marks in connection with clothing (FAC ¶ 22).

In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™ and LES NYC™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items including hooded sweatshirts which bear the LOWER EAST SIDE™ mark in various fonts and design styles which are prominently displayed on the front and/or back of the t-shirts and/or sweaters (FAC Ex. F ¶ 10 and Ex. B thereto).

Plaintiff sells, and promotes the sale of his LOWER EAST SIDE™ clothing via his website www.lesclothing.com, through order forms, and his t-shirts and sweaters are also available for sale in several retail locations (FAC Ex. F ¶ 11 and Ex. C thereto).

Plaintiff advertises his LOWER EAST SIDE™ brand and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also regularly conducts photo shoots of customers who purchase his LOWER EAST SIDE™ clothing items to be included in magazine advertisements and marketing materials (FAC Ex. F ¶ 12 and Ex. D thereto).

Plaintiff's LOWER EAST SIDE™ clothing items have been featured in several music videos and one of Plaintiff's LOWER EAST SIDE™ mural's has been exhibited in an art museum in England (FAC Ex. F ¶ 13).

On Plaintiff's promotional flyers, posters, stickers, and on his product order forms, Plaintiff utilizes the "™" symbol to put the public and his customers on notice that he is claiming trademark rights in the LOWER EAST SIDE™, LES NYC™ and LES CLOTHING CO.™ marks as used in connection with his clothing business. All of plaintiff's promotional materials

8

include either the "™", ®, or © symbols to indicate ownership of the various LES™ designs and artwork. In fact, of plaintiff's three different flyers that depict images of various t-shirts including the marks LOWER EAST SIDE™ or LES NYC™, the bottom of the flyer indicates **"All Designs and/or Logos are Copyrighted and Trademarked Works and the Property of L.E.S. Clothing Co."** [emphasis added]. Plaintiff even uses the "™" symbol or "registered trademark" designation on some of the actual LOWER EAST SIDE™ and LES NYC™ ornamental t-shirt designs aside from Plaintiff's various other uses of the LOWER EAST SIDE™ and LES NYC™ marks as a source indicator and identifier (FAC Ex. F, Ex. B, C and D thereto).

Defendant Aeropostale is a New York corporation that maintains several retail clothing establishments in New York, New York, amongst other places throughout the United States. Aeropostale's sale of clothing items bearing the LOWER EAST SIDE™ and/or LES NYC™ marks have already caused "actual confusion" on several occasions between Plaintiff and Defendants Aeropostale as to the source of the goods sold and offered under such brand names and Plaintiff is likely to continue to experience confusion as to the affiliation or connection between Aeropostale and Plaintiff resulting in the unjust enrichment of Defendants' by using Plaintiff's trademarks (FAC ¶¶ 5, 43).

Accordingly, whether or not Aeropostale also includes its own "house" trademarks i.e., AERO and AEROPOSTALE to clothing products that also incorporate Plaintiff's LOWER EAST SIDE™ and/or LES NYC™ marks, the reality is that such use has already caused, and will continue to cause consumer confusion as to the source and/or affiliation between Plaintiff and Defendants (FAC ¶¶ 5, 43).

9

Plaintiff also reiterates that the May 5, 2011 Settlement Agreement and Release only pertained to previously manufactured Aeropostale Products relating to the LES Mark (New York State Trademark Registration No. R31067 for the mark LOWER EAST SIDE), and did **not** extend to Plaintiff's separately registered trademark LES NYC™ (New York State Trademark Registration No. R31259).

Plaintiff further notes that based upon Defendants Ash and Aeropostale's fraudulent representations he acted in reliance on said representations in entering into the Settlement Agreement and Release (FAC ¶¶ 33, 37).

## III.   ARGUMENT

Defendants seek dismissal of all of the claims of Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in his favor. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see Erickson v. Pardus, 127 S. Ct. 2197, 2199 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

In its recent decision in Bell Atlantic Corp., the Supreme Court announced the "retirement" of the oft-quoted "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-47 (1957), adopting in its place a "plausibility" standard. Bell Atl. Corp., 127 S. Ct. at 1969. As interpreted by the Second Circuit, Bell Atlantic Corp. did not announce a "universal standard of heightened fact pleading, but ...instead require[es] a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The question is whether the pleading alleges "'enough facts to state a claim for relief

that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting

Bell Atl. Corp., 127 S. Ct. at 1974).

**A.**    **Plaintiff's Second Cause of Action for Trademark Infringement and/or Unfair Competition is Plausible**

Plaintiff's Second Cause of Action plausibly states a claim for relief under Section 43(a)

of the Lanham Act which extends to unregistered trademarks.  Section 43(a)(1)(a) of the Lanham

Act provides a cause of action for a trademark holder against any person who misuses its

trademark in a way that is "likely to cause confusion" to the buying public as to the origin,

affiliation or sponsorship of the trademark holders product or service. 15 U.S.C. §1125(a).

The hallmark of infringement is the likelihood of confusion by the buying public between

the plaintiff's goods or services and that of the defendant.  See Fed Express Corp. v. Fed

Espresso, Inc., 201 F.3d 168, 174 (2d Cir. 2000), Estee Lauder Inc. v. The Gap, Inc., 108 F.3d

1503, 1508-09 (2d Cir. 1997).

In the current action, Plaintiff not only claims a likelihood of confusion between

Defendants use of his LOWER EAST SIDE™ and LES NYC™ trademarks, but claims "actual

confusion" in relation to Defendants use of his trademarks and alleges with particularity the facts

surrounding the actual confusion that has already occurred.  In the FAC, Plaintiff stated "On or

about June 19, 2011, Plaintiff was contacted by a long-standing customer who inquired about a

LOWER EAST SIDE™ t-shirt being sold by the Aeropostale Defendants' believing that the t-

shirt was in fact produced and manufactured by Plaintiff" (FAC ¶43).  Plaintiff's FAC also put

the defendants on notice that as a result of defendants infringement of his LOWER EAST SIDE

and LES NYC marks, Plaintiff has experienced several instances of "actual confusion" (FAC ¶¶

5, 55).  On a motion to dismiss, the Court must accept the factual allegations in the complaint

and may consider only whether the pleading plausible states a claim for relief. Iqbal, 490 F.3d at

157-58.  Here, the FAC plausibly argues that consumers have already been confused as to the affiliation or source of the LOWER EAST SIDE™ and LES NYC™ goods and that continued confusion is likely to occur.  Defendants do not dispute that "actual confusion" has already occurred.  Instead they argue that Plaintiff's marks are not entitled to protection under Section 43(a) because they are merely geographically descriptive and not a source identifier.  However, whether a specific use is "otherwise than as a mark" is a fact specific determination that the Court should not be prepared to make at this early stage in the litigation.  <u>Sunmark Inc. v. Ocean Spray Cranberries, Inc.</u>, 64 F.3d 1055, 1058 (7th Cir. 1995).  This is a factual dispute that must be resolved by the fact finder after discovery.  Moreover, the FAC did factually allege that the Plaintiff has used the LOWER EAST SIDE™ and LES NYC™ marks as a brand name (FAC ¶¶ 14-15)  The FAC also factually alleged that "Plaintiff has acquired secondary meaning in the LOWER EAST SIDE™ and LES NYC™ marks in connection with clothing based upon his long standing and continuous use of both trademarks in interstate commerce for over 10 years (FAC ¶22).  Furthermore, FAC Ex. F ¶¶¶¶ 10-13 and Exhibits B, C, D and F thereto show many uses of the LOWER EAST SIDE™ and LES NYC™ marks by Plaintiff as a trademark and source identifier.  Additional trademark uses by Plaintiff will be provided throughout the course of discovery in this case.

Defendants also argue that Plaintiff's 43(a) Lanham Act claim as it relates only to Plaintiff's LOWER EAST SIDE™ mark is barred by an earlier Settlement Agreement and Release between Plaintiff and the Aeropostale Defendants.

Plaintiff again notes that the May 5, 2011 Settlement Agreement and Release did not provide a "universal" release to defendants but instead limited the release to any **"cause or thing relating to the LES Mark, including as alleged in the Complaint, and including all**

12

**disposition or sale of previously manufactured Aeropostale Products."** [emphasis added].

FAC Ex. L, ¶ 4. The term "LES Mark" is defined in the Settlement Agreement as New York

State Trademark Registration No. R31607 for the stylized mark LOWER EAST SIDE with an

underline and an overline. FAC Ex. L, Recital "B." The term "Aeropostale Products" is defined

in the Settlement Agreement to include garments Aeropostale markets and has sold under its

AEROPOSTALE and AERO house marks, which garments display the phrase "Lower East

Side." FAC Ex. L, Recital "C." Paragraph 1. of the Settlement Agreement Operative Provisions

reads as follows: "The Recitals, above, are operative provisions of this Agreement." FAC Ex. L,

¶ 1.

    The subject t-shirt of the current action that infringes both Plaintiff's LOWER EAST

SIDE™ and LES NYC™ marks is a newly manufactured Aeropostale Product that is not

covered by the Settlement Agreement and Release. The Plaintiff claimed this in the FAC (FAC

¶¶¶¶¶¶ 2-3, 44-46, 48). Moreover, defendants do not dispute that the Settlement Agreement and

Release does not extend to Plaintff's LES NYC™ mark, instead they argue that Plaintiff's

allegation of consumer confusion in his LES NYC™ mark is not plausible. They attempt to

argue the lack of similarity between the LES NYC™ mark and the Aeropostale t-shirt which

includes the mark LOWER EAST SIDE NY. For purposes of deciding a 12(b)(6) motion,

however, the issue is not whether the plaintiff will ultimately prevail, but rather whether the

claimant is entitled to offer evidence to support its claims. See, Bernheim V. Litt, 79 F.3d. 318,

321 (2d Cir. 1996).

    See Lopez Dec. Ex. B. (attaching printout from PTO's official website of LESNYC

trademark application and accompanying PSEUDO MARK designation); Island Software, 413

F.3d at 261 (judicial notice of official records of PTO is proper). The United States Patent and

13

Trademark Office ("PTO") assigns a PSEUDO MARK to marks that include an acronym that can have an alternative spelling or meaning. The PTO's PSEUDO MARK for LESNYC is LOWER EAST SIDE NEW YORK CITY.

In short, aside from the instances of actual confusion that have already occurred, it is plausible to believe that consumers who encounter the LES NYC™ mark in the marketplace that is an acronym for LOWER EAST SIDE NEW YORK CITY as reflected in the PTO records, can likely be confused with defendants t-shirt that includes LOWER EAST SIDE NY as depicted in Ex. C of Freidman Dec.

Defendants cite Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F.Supp.2d 625, 635-36 (S.D.N.Y. 2008) granting Rule 12(b)(6) motion and dismissing trademark claims; based upon facts alleged, likelihood of confusion needed to sustain Lanham Act claim "simply not plausible"). The Gottlieb case was actually a motion picture copyright case that involved the showing of a pinball machine in a motion picture that included the copyrighted logo of Plaintiff as well as his trademark on the pinball machine. The pinball machine was shown for three seconds each on three segments of the film and the pinball machine was merely part of the background together with another pinball machine, a foosball table and other furniture and furnishings. Under those circumstances, the Court found the Plaintiff's claims of a likelihood of confusion to not be plausible. The facts and circumstances of that case have nothing to do with the current case and do not apply.

Defendants also cite the cases OBX-Stock, Inc. v. Bicast, Inc., 558 F.3d 334, 341 (4th Cir. 2009), Grupke v. Linda Lori Sportwear, Inc., 921 F.Supp. 987, 996 (E.D.N.Y 1996), In Re Sully's Living Without, Inc., 2004 WL 624573, at *2 (Trademark Trial & Appeal Board ("TTAB") March 23, 2004), Damn I'm Good Inc. v. Sakowitz, Inc., 514 F. Supp. 1357, 1360

14

(S.D.N.Y. 1981), <u>In Re Pro-Line Corp.</u>, 1993 WL 398575, at *2 (TTAB Aug. 16, 1993) and <u>In re</u>

<u>Eagle Crest, Inc.</u>, 2010 WL 3441109, at *5 (TTAB Aug. 10, 2010).  All of the aforementioned

cases or TTAB decisions that were cited by Defendants relate to a Plaintiff or other parties use of

a mark in an ornamental way on t-shirts and/or clothing and not as use of a brand name or soruce

identifier.  As Plaintiff has sufficiently made factual allegations of using the LOWER EAST

SIDE™ and LES NYC™ marks as a brand name and has included various Exhibits to the FAC

that in fact show Plaintiff's use of his trademarks in many other ways then just in an ornamental

fashion, none of the cited cases should be considered as they are not consistent with the facts and

circumstances of the current action.

      Accordingly, the FAC has alleged sufficient facts to support trademark infringement

and/or unfair competition under its 43(a) Lanham Act claim.

**B.**    <u>**Plaintiff's Third Cause of Action for Common Law Trademark Infringement and Unfair Competition is Plausible**</u>

      For all of the same reasons that Plaintiff's Second Cause of Action is plausible, Plaintiff

contends that his Third Cause of Action is also plausible and should not be dismissed.

**C.**    <u>**Plaintiff's Fourth Cause of Action for Unjust Enrichment is Plausible**</u>

      Defendants have unjustly retained profits from the sale of clothing goods bearing

Plaintiff's LOWER EAST SIDE™ and LES NYC™ marks.  Defendants actions have been

willful and they have continued to sell clothing bearing Plaintiff's trademarks despite being

aware of Plaintiff's rights in his trademarks.

**D.**    <u>**Plaintiff's Fifth Cause of Action for Breach of Contract is Plausible**</u>

      Plaintiff and Defendants Aeropsotale entered into a Settlement Agreement and Release

dated May 5, 2011.  The Settlement Agreement provided a limited release and  only released

Aeropsotale for previously manufactured products relating to the LES Mark.  Defendants' have

violated the terms of the Settlement Agreement and Release by introducing, selling and offering

for sale a t-shirt bearing Plaintiff's LOWER EAST SIDE trademark which it has not provided

any evidence to prove that said LOWER EAST SIDE t-shirt was manufactured prior to the May

5, 2011 execution of the Settlement Agreement and Release. Plaintiff has suffered damages and

additional instances of "actual confusion" in relation to his LOWER EAST SIDE trademark as a

result of Defendants' breach of contract. Accordingly, Plaintiff has sufficiently plead and alleged

the required elements for a breach of contract claim (i) the existence of a contract, (ii) the breach

by the defendant and (iii) the resulting damages. Nat'l Mkt. Share, inc. v. Sterling Nat'l Bank,

392 F.3d 520, 525 (2d Cir. 2004).

### E.     Plaintiff's Sixth Cause of Action for Fraud is Plausible

The Defendants all made misrepresentations of fact that are articulated with particularity

in the FAC. The Defendants representations of fact were untrue and were made for the purpose

of convincing Plaintiff to act in reliance of said representations. Plaintiff was justified in relying

on such representations in the repeated form that they were presented to him and Plaintiff has

suffered damages as a result of such misrepresentations of fact.

To state a claim for fraud, a plaintiff must allege that (1) the defendant made a

misrepresentation of material fact, (2) the defendant made the misrepresentation with *scienter*,

*i.e.*, with the intent to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the

misrepresentation, and (4) the plaintiff suffered damages as a result of such reliance. Indep.

Order of Foresters v. Donaldson, Lufkin & Jenrette, Inc., 157 F.3d 933, 940 (2d. Cir. 1998).

¶¶¶¶¶¶¶¶¶¶¶ 27-28, 32-33, and 35-42 of the FAC all pertain to Plaintiff's fraud claim

and factually allege with particularity the misrepresentations of fact, the defendants intent to

defraud Plaintiff, that Plaintiff relied on such misrepresentations and that Plaintiff suffered

damages as a result of such misrepresentations of fact.  Accordingly, Plaintiff has sufficiently

plead his fraud claim and the Sixth Cause of Action for fraud should not be dismissed.

### F.    <u>Plaintiff's Seventh Cause of Action States a Claim for Relief</u>

Plaintiff's FAC did allege that Defendants are still presently using Plaintiff's trademarks

and have refused to stop using Plaintiff's trademarks and is continuing to profit off of the use of

Plaintiff's trademarks (FAC ¶¶ 81-82).  Accordingly, Plaintiff has been deprived of the exclusive

right of possession and use of his trademarks and has been deprived of the right of being the

exclusive person to profit off of the use of such trademarks.  Plaintiff believes that this amounts

to conversion.

Based upon the foregoing, Plaintiff has clearly made out a cause of action for counts two

through seven of the First Amended Complaint for purposes of Rule 12(b)(6).

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully request that this Court deny Defendants'

Motion to Dismiss with respect to claims two through seven of the First Amended Complaint.


Dated: October 14, 2011                Respectfully submitted,
      New York, NY                       Robert G. Lopez – Pro Se



Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, an individual,     ) | |
|                               ) | |
|        Plaintiff,            ) | |
|                               ) | |
|          v.                ) | Civil Action No. 11-CV-4166 (RMB) |

ROBERT G. LOPEZ, an individual,

       Plaintiff,

         v.                                Civil Action No. 11-CV-4166 (RMB)

AEROPOSTALE INC.,
AEROPOSTALE PROCUREMENT,
COMPANY INC.,
KATTEN MUCHIN ROSENMAN,
LLP; AND KAREN ARTZ ASH

        Defendants.

# DECLARATION OF ROBERT G. LOPEZ
## IN SUPPORT OF PLAINTIFF'S OPPOSITION OF MOTION TO DISMISS

I, ROBERT G. LOPEZ, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am Pro Se Plaintiff in the above-identified action and I submit this declaration in support of Plaintiff's opposition of Defendants' Motion to Dismiss.

2. I submit this declaration to place before the Court true and correct copies of the following documents cited in Plaintiff's Memorandum of Law in Opposition of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure:

Exhibit A:  Copy of U.S. Trademark Registration No. 2,416,437 for LOWER EAST SIDE.

Exhibit B:  A print-out from the United States Patent and Trademark Office official website pertaining to a PSEUDO MARK that has been asssigned to U.S. Serial Application No. 85326522 for the mark LESNYC and the accompanying print-out of the application of U.S. Serial Trademark Application No 85326522.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed within the United States on this 14th day of October, 2011.

Robert G. Lopez

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,416,437
Registered Dec. 26, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## LOWER EAST SIDE

PAYLESS SHOESOURCE WORLDWIDE, INC. (KAN-
SAS CORPORATION)
JAYHAWK TOWERS
700 SW JACKSON
TOPEKA, KS 66603

FIRST USE 6–16–1999; IN COMMERCE 6–16–1999.

OWNER OF U.S. REG. NO. 1,795,922.

SN 75–652,553, FILED 3–3–1999.

   FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22
AND 39).

TANYA AMOS, EXAMINING ATTORNEY

# EXHIBIT B

| From: | TMDesignCodeComments |
|---|---|
| Sent: | Thursday, May 26, 2011 00:14 AM |
| To: | steve@lesnyc.com |
| Subject: | Notice of Pseudo Mark for Serial Number: 85326522 |

**ATTORNEY REFERENCE
NUMBER:**

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks.  They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings.  For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'.  A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

Response to this notice is not required; however, to suggest additions or changes to the pseudo mark assigned to your mark, please e-mail TMDesignCodeComments@USPTO.GOV.  You **must** reference your application serial number within your request.  The USPTO will review the proposal and update the record, if appropriate.  For questions, please call 1-800-786-9199 to speak to a Customer Service representative.

The USPTO will not send any further response to your e-mail.  Check TESS in approximately two weeks to see if the requested changes have been entered.  Requests deemed unnecessary or inappropriate will not be entered.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

LOWER EAST SIDE NEW YORK CITY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Oct 11 04:35:46 EDT 2011*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [    ] OR Jump to record: [    ] **Record 1 out of 21**

TARR Status | ASSIGN Status | TDR | TTAB Status ( *Use the "Back" button of the Internet Browser to return to TESS)*

# LESNYC

| | |
|---|---|
| **Word Mark** | LESNYC |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Entertainment services, namely, providing a web site featuring photographic, audio, video and prose presentations featuring content from the Lower East Side and New York City |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85326522 |
| **Filing Date** | May 20, 2011 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) LESNYC LIMITED LIABILITY COMPANY NEW YORK B908 266 E Broadway New York NEW YORK 10002 |
| **Attorney of Record** | JungJin Lee |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

Case 1:11-cv-04166-RMB-HBP   Document 17   Filed 10/14/11   Page 31 of 31

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
|-----------|----------|------------|-----------|-------------|-----------|-----|------|-----------|-----------|
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY